

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Frank Wright
County Auditor
Bonham, Texas

Dear Sir:

Opinion No. O-1796
Re: If one-half of the state
ad valorem taxes are paid
on November 4 and the last
half paid on November 27,
which makes full payment
of the taxes for that month,
should the 2% discount be
allowed on the full ad valo-
rem tax?

We are in receipt of your letter of December
30, 1939, in which you request an opinion of this de-
partment on the question set out in your letter as fol-
lows:

"If one half of the state ad valorem
taxes are paid on November 4th and the last
half paid on November 27th (same month) which
makes full payment of taxes in November,
should the two per cent discount be allowed
on the full ad valorem tax?

Senate Bill 402, chapter 16, Acts of the 46th
Legislature, Regular Session, provides in part as fol-
lows:

"Section 1. All taxpayers shall be
allowed discounts for the payment of taxes
due to the State and all governmental and
political subdivisions and taxing districts
of the State, said discounts to be allowed
under the following conditions: (a) three

(3%) per cent discount on ad valorem
taxes due the State or due any govern-
mental or political subdivision or tax-
ing district of the State, if such taxes
are paid ninety (90) days before the date
when they would otherwise become delin-
quent; (b) two (2%) per cent discount
on ad valorem taxes due the State or
due any governmental or political sub-
division or taxing district of the State
if such taxes are paid sixty (60) days
before the date when they would otherwise
become delinquent; (c) one (1%) per cent
discount on ad valorem taxes due the
State or due any governmehtal or political
subdivision or taxing district of the State,
if such taxes are paid thirty (30) days be-
fore the date when they would otherwise be-
come delinquent. . .

". . .

"Section 3.  Section 2 of Chapter 10
of the Acts of the Fourth Called Session
of the Forty-third Legislature, the same
being Article 7336 of Vernon's Revised
Civil Statutes of 1936, is hereby amended
so as hereafter to read as follows:

"Article 7336. (a)  If any person
shall pay, on or before November thirtieth
of the year for which their assessment is
made, one-half ($\frac{1}{2}$) of the taxes imposed by
law on him or his property, then he shall
have until and including the thirtieth day
of the succeeding June, within which to pay
the other one-half ($\frac{1}{2}$) of his said taxes
without penalty or interest thereon.

". . .

"All poll taxes and all ad valorem
taxes, unless one-half ($\frac{1}{2}$) thereof have
been paid on or before November 30th as
hereinabove provided, shall become de-
linquent if not paid prior to February
first of the year next succeeding the

year for which the return of the assess-
ment rolls of the county are made to the
Comptroller of Public Accounts. If one-
half ($\frac{1}{2}$) of said ad valorem taxes have
been paid on or before the thirtieth day
of November as herein provided, the remain-
ing one-half ($\frac{1}{2}$) of such taxes shall be
delinquent if not paid before the first
day of July of the year next succeeding
the year for which the return of the as-
sessment rolls of the county are made to
the Comptroller of Public Accounts.

"(c) If one-half ($\frac{1}{2}$) of such ad
valorem taxes have been paid on or before
November thirtieth of the year in which the
same are assessed, the discounts herein pro-
vided for shall be effective and shall ap-
ply to the last half of the ad valorem taxes
if paid ninety (90), sixty (60), and thirty
(30) days, respectively, prior to the first
day of July, when the same become delinquent
as herein provided; but such discount shall
not apply to the first half of such taxes
if the same have been paid on or before
November thirtieth of the year in which
such assessment is made."

The procedure for tax payment in the above
quoted Article is the so-called "split payment plan".
The procedure for the payment of taxes under such
plan and the allowance of discounts have been fully
set out by the Legislature and will be discussed later
in this opinion.

In your case we have a situation where the
taxpayer paid one-half of the state ad valorem tax on
November 4 and the other half on November 27. This de-
partment ruled in Opinion No. O-1262 that a tax collec-
tor of a county is unauthorized to accept the payment
of part of a single tax assessment. The exception to
the holding in said opinion is, however, a case where
payment is made under the split payment plan, as pro-
vided for in Article 7336 of the Revised Civil Statutes.
This department must of necessity assume, then, that

Honorable Frank Wright, page 4

when payment was accepted on November 4, of one-half of the state ad valorem tax, said payment was made under the split payment plan. We have in your case a situation where the taxpayer has elected to adopt the split payment plan in the payment of his taxes and pursuant to such adoption has paid one-half of his state ad valorem taxes on November 4, 1939. The second half of said payment was made on November 27, although the same was not due until June 30, 1940.

Your attention is called to Section C of Article 7336, supra, which provides that in a case where one-half of the state ad valorem tax has been paid before November 30, as was the situation in your case, then discount shall be allowed on the payment of the second half of the state ad valorem tax if made either 90, 60 or 30 days prior to the first day of July. Said section further specifically provides that such discount shall not apply to the first payment made before November 30 of the year in which the assessment is made.

You are therefore advised that as the second payment was made on November 27, which date was more than 90 days prior to July 1, 1940, three (3%) per cent discount should be allowed the taxpayer on said state ad valorem tax payment. You are further advised that the taxpayer is to be allowed no discount on the payment made by him on November 4, 1939.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

APPROVED JAN 12, 1940

BC:jm

FIRST ASST
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN